James N. Leik
PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
Telephone: 907.279.8561
JLeik@perkinscoie.com

Jeff J. Bowen
PERKINS COIE LLP
One East Main Street, Suite 201
Madison, WI 53703-5118
Telephone: 608.663.7460
JBowen@perkinscoie.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| Afognak Native Corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>National Union Fire Insurance Company of Pittsburgh, PA,<br><br>    Defendant. | Case No. 3:17-cv-_____ |

**COMPLAINT**

Plaintiff Afognak Native Corporation ("Afognak"), by and through its attorneys, alleges as follows against National Union Fire Insurance Company of Pittsburgh, PA ("Defendant" or "AIG"):

Afognak Native Corporation v. National
Union Fire Insurance Company
3:17-cv-
43014-0027/LEGAL134167995.2

Page **1** of **15**

Case 3:17-cv-00012-JWS   Document 1   Filed 01/19/17   Page 1 of 15

## NATURE OF THE ACTION

1. This lawsuit arises out of Defendant's refusal to advance Defense Costs and to pay Defense Costs on behalf of Afognak and its wholly owned subsidiary Alutiiq LLC for the litigation styled *United States of America ex rel. Ben Ferris vs. Afognak Native Corporation and Alutiiq, LLC*, now pending in the United States District Court for the District of Alaska, Case No. 3:15-cv-00150 (the "Underlying Case").

2. Afognak is an Alaska Native Corporation that engages in a variety of businesses, many of which, through Afognak's subsidiaries, involve federal contracts. The Underlying Case alleges violations of the False Claims Act in connection with the procurement of certain government contracts. Afognak vigorously denies the allegations, but the lawsuit seeks billions of dollars of damages for the alleged violations and requires significant resources to defend.

3. Afognak therefore turned to Defendant, who sold a Directors and Officers ("D&O") insurance policy to Afognak that obligated Defendant to advance Defense Costs and to provide indemnity coverage for the Underlying Case. Under that policy, Defendant paid Defense Costs subject to a reservation of rights for almost a year.

4. In October 2015, however, shortly after receiving a budget from Afognak projecting potential Defense Costs through trial should the case proceed that far, Defendant abruptly reversed course, refused to honor its obligations, and withdrew its support.

5. In refusing to honor its obligations, Defendant relied solely on the "insured versus

Afognak Native Corporation v. National
Union Fire Insurance Company
3:17-cv-
43014-0027/LEGAL134167995.2

Page **2** of **15**

Case 3:17-cv-00012-JWS   Document 1   Filed 01/19/17   Page 2 of 15

**PERKINS COIE LLP**
1029 W Third Ave., Suite 300
Anchorage, Alaska 99501-1981
P: 907.279.8561 / F: 907.276.3108
James N. Leik | JLeik@PerkinsCoie.com

insured" exclusion, which bars coverage for lawsuits "brought by or on behalf of" another Individual Insured. Defendant argued that Ben Ferris, the plaintiff and relator in the Underlying Case, qualified as an insured Executive because he had served as Afognak's chief compliance officer. Mr. Ferris, however, does not meet the definition of Executive under the Policy, and the insured v. insured exclusion does not apply.

6. Afognak has incurred, and continues to incur, substantial costs to defend the Underlying Case. In addition, Afognak may incur indemnity costs in the event a judgment is entered against it or a settlement is reached in the Underlying Case.

7. In this Complaint, Afognak seeks a declaration of the rights, duties, and obligations of Defendant under its D&O policy as well as damages for breach of contract. Specifically, Afognak seeks a determination that Defendant is required to advance and to pay Afognak's Defense Costs in the Underlying Case. Afognak also seeks a declaration that Defendant's breach of its obligation to advance Defense Costs estops Defendant from disputing its obligation to indemnify Afognak for any settlement or judgment and from raising any policy defenses to coverage.

8. Actual controversies exist between Afognak and Defendant for which a declaratory judgment setting forth the parties' rights, duties, and obligations is necessary. Such a declaratory judgment, if entered, will terminate the uncertainty or controversy giving rise to this proceeding.

9. Afognak also seeks money damages and other relief from Defendant for its breach of contract in failing to advance Defense Costs to Afognak in the Underlying Case.

**PERKINS COIE LLP**
1029 W Third Ave., Suite 300
Anchorage, Alaska 99501-1981
P: 907.279.8561 / F: 907.276.3108
James N. Leik | JLeik@PerkinsCoie.com

Afognak Native Corporation v. National
Union Fire Insurance Company
3:17-cv-
43014-0027/LEGAL134167995.2

Page **3** of **15**

Case 3:17-cv-00012-JWS   Document 1   Filed 01/19/17   Page 3 of 15

## PARTIES

10. Plaintiff Afognak is an Alaska Native Corporation formed under the 1971 Alaska Native Claims Settlement Act, headquartered in Anchorage, Alaska.

11. Defendant National Union Fire Insurance Company of Pittsburgh, PA is a corporation organized under the laws of Pennsylvania, with its principal place of business in New York. Defendant is engaged in the business of selling insurance, and it is licensed to do business, and does business, in the State of Alaska.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), as the parties are citizens of different states and the amount in controversy exceeds $75,000. The Court has jurisdiction over this declaratory judgment action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

13. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because this action arises out of contracts of insurance entered into between Defendant and Afognak to insure persons, property, or risk located within this district at the time of contracting and because a substantial part of the events giving rise to the claim occurred in this district.

14. This Court has personal jurisdiction over Defendant by virtue of Defendant's sale of insurance policies and significant business activities within this District.

## THE POLICY AT ISSUE

15. In 2013, Afognak purchased a "PrivateEdge Plus" insurance policy from

Afognak Native Corporation v. National
Union Fire Insurance Company
3:17-cv-
43014-0027/LEGAL134167995.2

Page **4** of **15**

Case 3:17-cv-00012-JWS   Document 1   Filed 01/19/17   Page 4 of 15

Defendant, Policy Number 01-824-17-10, with a Policy Period effective from December 31, 2013 to December 31, 2014 (the "Policy"). A copy of the Policy is attached as Exhibit 1.

16. The Policy provides an aggregate limit of $10,000,000 for claims under the D&O coverage section with a $100,000 retention.

17. The Policy requires Defendant to pay all Loss incurred by Afognak or any of its subsidiaries for a Claim alleging a Wrongful Act by Afognak. Policy § 1(B)(i). The Policy defines "Loss" to include damages, judgments, settlements, and Defense Costs, and defines "Defense Costs" as "reasonable and necessary fees, costs, and expenses consented to by the Insurer . . . resulting solely from the investigation, adjustment, defense and appeal of a Claim." Policy §§ 2(k) & 2(u). The Policy defines "Wrongful Act" to include any alleged "breach of duty, neglect, error, misstatement misleading statement, omission, or act." Policy § 2(cc). The Policy also requires Defendant to "advance, at the written request of the Insured, Defense Costs prior to the final disposition of the Claim." Policy § 7.

18. Afognak paid substantial premiums to Defendant to purchase the Policy.

19. All relevant conditions and requirements imposed on Afognak by the Policy, including the payment of premiums, have been satisfied, are subject to waiver or estoppel, or are otherwise excused.

## **THE UNDERLYING CASE AND THE INSURANCE CLAIM**

20. In August 2014, Afognak received notice that the Underlying Case had been filed

Afognak Native Corporation v. National
Union Fire Insurance Company
3:17-cv-
43014-0027/LEGAL134167995.2

Page **5** of **15**

Case 3:17-cv-00012-JWS   Document 1   Filed 01/19/17   Page 5 of 15

**PERKINS COIE LLP**
1029 W Third Ave., Suite 300
Anchorage, Alaska 99501-1981
P: 907.279.8561 / F: 907.276.3108
James N. Leik | JLeik@PerkinsCoie.com

against it and Alutiiq in the Northern District of Alabama.[1] The complaint, a qui tam action brought on behalf of the United States by relator Ben Ferris, alleged that Afognak and Alutiiq had violated the False Claims Act by obtaining government contracts under the federal government's Section 8(a) Business Development program to which it was not entitled. The complaint sought treble damages, together with civil penalties, attorney's fees, and other relief.

21. Afognak provided notice of the claim to Defendant, and on October 17, 2014, Defendant responded with a reservation-of-rights letter acknowledging that the lawsuit constituted a Claim alleging a Wrongful Act under the D&O coverage section. The letter reserved the right to disclaim coverage later, but the letter acknowledged that Afognak had retained Perkins Coie as defense counsel, requested billing rates and other information, and supplied litigation guidelines.

22. As requested, Afognak's counsel provided the information requested by Defendant and began cooperating fully with Defendant, providing regular status updates and a detailed litigation analysis. At Defendant's insistence, Afognak negotiated a new contract and Statement of Work with its electronic discovery vendor. Afognak also made litigation strategy decisions based on the availability of insurance coverage for Defense Costs.

23. On October 13, 2015, shortly after requesting and receiving an estimate of costs

---

[1] On August 6, 2015, the Alabama court granted the underlying defendants' motion to transfer the case to the District of Alaska. ECF Nos. 101 & 111.

Afognak Native Corporation v. National
Union Fire Insurance Company
3:17-cv-
43014-0027/LEGAL134167995.2

Page **6** of **15**

Case 3:17-cv-00012-JWS   Document 1   Filed 01/19/17   Page 6 of 15

through trial from Afognak's counsel, Defendant reversed course and denied coverage after almost a year of paying Defense Costs. Defendant based its sudden reversal solely on its assertion that qui tam relator Ben Ferris, whose duties involved assessing company compliance with various statutes, qualified as an Executive under the Policy because his title was "chief compliance officer." Defendant asserted that this title triggered the insured v. insured exclusion. Defendant also demanded repayment of Defense Costs previously advanced.

24. Afognak objected to Defendant's unwarranted change in position and requested a complete explanation of the basis for the change. Defendant failed to identify any new information supporting its change in position. The entire basis for Defendant's coverage position was available to it from the time of the notice one year earlier.

25. As Afognak has repeatedly explained to Defendant, Mr. Ferris is not an Executive under the Policy, and the insured v. insured exclusion does not apply in this case. The exclusion only applies to "Loss in connection with any Claim made against an Insured . . . which is brought by or on behalf of a Company or any Individual Insured, other than an Employee of a Company." Policy § 4(i). The Policy defines "Individual Insured" as "any Executive of a Company," Policy § 2(s), and defines "Executive" as any "past, present or future *duly elected or appointed* director, officer, management committee member or member of the Board of Managers; . . . or any past, present, or future General Counsel and Risk Manager (or equivalent position) of the Named Entity." Policy § 2(n) (emphasis added).

Afognak Native Corporation v. National
Union Fire Insurance Company
3:17-cv-
43014-0027/LEGAL134167995.2

Page **7** of **15**

Case 3:17-cv-00012-JWS   Document 1   Filed 01/19/17   Page 7 of 15

**PERKINS COIE LLP**
1029 W Third Ave., Suite 300
Anchorage, Alaska 99501-1981
P: 907.279.8561 / F: 907.276.3108
James N. Leik | JLeik@PerkinsCoie.com

26. Mr. Ferris was never a "duly elected or appointed" officer, nor was he ever Afognak's "Risk Manager" or its equivalent. Alaska law defines an "officer" in a for-profit corporation as "a president, a secretary, a treasurer and other officers with titles and duties as stated in the bylaws of the corporation or determined by the board." Alaska Stat. § 10.06.483(a). The Alaska Corporations Code further provides that "[e]xcept as provided in the articles or bylaws of the corporation, officers shall be chosen by the board." *Id.* § 10.06.483(b).

27. Afognak's bylaws provide that "The officers of the Corporation shall be a Chairperson, a Vice Chairperson, Secretary and a Treasurer. The President shall also be an officer of the Corporation." The bylaws also provide that "[i]n addition to the above officers, the Board of Directors may designate and elect or appoint such other officers" as it deems necessary.

28. Mr. Ferris never served as any of the officers enumerated in the Alaska Corporation Code or in Afognak's bylaws. Nor was Mr. Ferris ever elected or appointed by Afognak's board of directors. The board neither considered the appointment of Mr. Ferris nor created a separate chief compliance officer position. The board was advised of management's plan to create a separate chief compliance officer position, but the board never even voted on that idea. Under Alaska law and Afognak's bylaws, therefore, Mr. Ferris cannot be considered an Executive of Afognak.

29. Afognak's internal documents, payment structure, filings with the secretary of state, and other factors confirm that Afognak did not consider Mr. Ferris to be an

**PERKINS COIE LLP**
1029 W Third Ave., Suite 300
Anchorage, Alaska 99501-1981
P: 907.279.8561 / F: 907.276.3108
James N. Leik | JLeik@PerkinsCoie.com

Afognak Native Corporation v. National
Union Fire Insurance Company
3:17-cv-
43014-0027/LEGAL134167995.2

Page **8** of **15**

Executive of Afognak.

30. Nor did Mr. Ferris serve as Afognak's Risk Manager or its equivalent. Afognak has (and has always had) a Risk Manager whose authority includes insurance programs, physical assets, safety, workers compensation, and other duties completely different than the monitoring of statutory compliance assigned to Mr. Ferris. Afognak's Governance Policy also describes risk management practices and duties in these terms, with no reference to the types of duties assigned to Mr. Ferris.

31. Afognak provided detailed information to Defendant about these issues, including Afognak's corporate structure, Mr. Ferris' role and duties, and the circumstances surrounding his appointment.

32. Defendant has refused to reconsider its position. Defendant continues to deny coverage under the Policy, to deny any further advancement of Defense Costs, and to demand repayment of Defense Costs previously paid to defense counsel.

33. Afognak has been forced to pay all of the substantial Defense Costs incurred after Defendant stopped complying with its defense obligation. Afognak continues to do so. Afognak has therefore suffered substantial damages from Defendant's actions.

34. In addition, Afognak's forced expenditure on defense fees has diverted company resources from company operations, from other productive investments, and from employee and executive compensation. Continued diversion of these resources weakens Afognak's competitive position in the market and impacts its ability to recruit and retain personnel. Afognak has suffered and will continue to suffer these consequential damages

Afognak Native Corporation v. National
Union Fire Insurance Company
3:17-cv-
43014-0027/LEGAL134167995.2

Page **9** of **15**

Case 3:17-cv-00012-JWS   Document 1   Filed 01/19/17   Page 9 of 15

as a direct result of Defendant's conduct.

# FIRST CAUSE OF ACTION

### Declaratory Judgment on Defendant's
### Duty to Advance Defense Costs

35. Afognak hereby incorporates paragraphs 1 through 34 of this Complaint, as if fully set forth herein.

36. Defendant is obligated under the terms of the Policy to pay Loss and to advance Defense Costs incurred by Afognak.

37. After paying Defense Costs for approximately one year, as of October 2015, Defendant refused to advance further Defense Costs or pay further Loss in the Underlying Case and demanded the reimbursement of Defense Costs previously paid. As of the date of this Complaint, Defendant has already refused to pay over $650,000 in additional Defense Costs Afognak has incurred in defending the Underlying Case. Defendant's demand for reimbursement of Defense Costs previously advanced totals over $1.86 million.

38. Afognak has a tangible legal interest in determining whether Defendant breached its defense obligations under the Policy in connection with the Underlying Case, and Defendant has an opposing interest.

39. An actual and justiciable controversy has arisen and currently exists between Afognak and Defendant regarding Defendant's defense obligations under the Policy in connection with the Underlying Case.

40. Defendant has taken the position that it has not breached its defense obligations by failing to advance Defense Costs or to pay the Loss of Afognak.

**PERKINS COIE LLP**
1029 W Third Ave., Suite 300
Anchorage, Alaska 99501-1981
P: 907.279.8561 / F: 907.276.3108
James N. Leik | JLeik@PerkinsCoie.com

Afognak Native Corporation v. National
Union Fire Insurance Company
3:17-cv-
43014-0027/LEGAL134167995.2

Page **10** of **15**

Case 3:17-cv-00012-JWS   Document 1   Filed 01/19/17   Page 10 of 15

41. Afognak, by contrast, has taken the position that Defendant did breach its defense obligations by failing to advance Defense Costs in the Underlying Case.

42. The issuance of declaratory relief by this Court is necessary and appropriate and will terminate the uncertainty or controversy giving rise to this cause of action.

43. Afognak is entitled to a declaration that (a) Under the terms of the Policy, Defendant is obligated to advance Defense Costs to Afognak in the Underlying Case; (b) Defendant is not entitled to repayment or reimbursement of any Defense Costs previously advanced; and (c) Under the terms of the Policy, Defendant is liable to reimburse, or to pay on Afognak's behalf, all Defense Costs incurred by Afognak to defend the Underlying Case.

## SECOND CAUSE OF ACTION

### Declaratory Judgment on Estoppel

44. Afognak hereby incorporates paragraphs 1 through 43 of this Complaint, as if fully set forth herein.

45. Defendant is obligated under the terms of the Policy to advance Defense Costs incurred with Defendant's consent, which shall not be unreasonably withheld.

46. Defendant has failed to fulfill its duty to advance Defense Costs in the Underlying Case.

47. While Defendant has issued a reservation of rights, Defendant has not advanced Defense Costs under the reservation of rights since October 2015 and has demanded reimbursement of Defense Costs previously advanced. Nor has Defendant sought a

Afognak Native Corporation v. National
Union Fire Insurance Company
3:17-cv-
43014-0027/LEGAL134167995.2

Page **11** of **15**

Case 3:17-cv-00012-JWS   Document 1   Filed 01/19/17   Page 11 of 15

declaratory judgment that there is no coverage under the Policy for the Underlying Case. Accordingly, under applicable law, Defendant is estopped from disputing its obligation to indemnify Afognak for any settlement or judgment and from raising any policy defenses to coverage.

48. Afognak has a tangible legal interest in determining whether Defendant is estopped from disputing its obligation to indemnify Afognak and from raising policy defenses to coverage, and Defendant has an opposing interest.

49. An actual and justiciable controversy has arisen and currently exists between Afognak and Defendant regarding whether Defendant is estopped from disputing its obligation to indemnify Afognak and from raising policy defenses to coverage under the Policy in connection with Defendant's defense obligations in the Underlying Case.

50. Defendant has taken the position that it is not estopped from disputing its obligation to indemnify Afognak and from raising policy defenses to coverage.

51. Afognak, by contrast, has taken the position that Defendant is estopped from disputing its obligation to indemnify Afognak and from raising policy defenses to coverage.

52. The issuance of declaratory relief by this Court is necessary and appropriate and will terminate the uncertainty or controversy giving rise to this cause of action.

53. Afognak is entitled to a declaration that: (a) Under the terms of the Policy, Defendant wrongfully refused to advance Defense Costs in the Underlying Case; (b) As a result of Defendant's wrongful refusal to advance Defense Costs in the Underlying Case,

Afognak Native Corporation v. National
Union Fire Insurance Company
3:17-cv-
43014-0027/LEGAL134167995.2

Page **12** of **15**

Case 3:17-cv-00012-JWS   Document 1   Filed 01/19/17   Page 12 of 15

Defendant is estopped from disputing its obligation to indemnify Afognak and from raising policy defenses to coverage.

### THIRD CAUSE OF ACTION

#### Breach of Contract

54. Afognak hereby incorporates paragraphs 1 through 53 of this Complaint, as if fully set forth herein.

55. Defendant has breached its contractual obligations by refusing to advance, to pay on Afognak's behalf, or to reimburse Afognak's costs of defending the Underlying Case, as required under the Policy. As of the date of this Complaint, Defendant has already refused to pay over $650,000 in additional Defense Costs Afognak has incurred in defending the Underlying Case. Defendant has also demanded reimbursement of Defense Costs previously advanced, which total over $1.86 million.

56. As a direct result of Defendant's breach, Afognak has been and will be deprived of the full benefits of the directors and officers insurance coverage Defendant sold to Afognak and for which Afognak paid substantial premiums.

57. As a direct result of Defendant's breach, Afognak has been forced to incur and will continue to incur additional consequential damages, including without limitation, injury to its competitive position, attorneys' fees and other expenses in bringing this action.

**PERKINS COIE LLP**
1029 W Third Ave., Suite 300
Anchorage, Alaska 99501-1981
P: 907.279.8561 / F: 907.276.3108
James N. Leik | JLeik@PerkinsCoie.com

Afognak Native Corporation v. National
Union Fire Insurance Company
3:17-cv-
43014-0027/LEGAL134167995.2

Page **13** of **15**

Case 3:17-cv-00012-JWS   Document 1   Filed 01/19/17   Page 13 of 15

58. As a direct and proximate result of the aforesaid actions by Defendant, Afognak has been damaged in an amount to be proved at trial, but in excess of $650,000, for all unreimbursed damages, costs and payments, and all other sums incurred to date.

## PRAYER FOR RELIEF

59. WHEREFORE, Afognak respectfully requests that this Court enter judgment against Defendant:

   a. Declaring that, under the terms of the Policy, Defendant is obligated to advance Defense Costs to Afognak in the Underlying Case;

   b. Declaring that, under the terms of the Policy, Defendant is liable to reimburse, or to pay on Afognak's behalf, all Defense Costs incurred by Afognak to defend the Underlying Case;

   c. Declaring that, under the terms of the Policy, Defendant wrongfully refused to advance Defense Costs in the Underlying Case;

   d. Declaring that, as a result of Defendant's wrongful refusal to advance Defense Costs in the Underlying Case, Defendant is estopped from disputing its obligation to indemnify Afognak and from raising policy defenses to coverage.

   e. Awarding Afognak actual money damages according to proof at trial, plus interest according to applicable law; and

Afognak Native Corporation v. National
Union Fire Insurance Company
3:17-cv-
43014-0027/LEGAL134167995.2

Page **14** of **15**

Case 3:17-cv-00012-JWS   Document 1   Filed 01/19/17   Page 14 of 15

**PERKINS COIE LLP**
1029 W Third Ave., Suite 300
Anchorage, Alaska 99501-1981
P: 907.279.8561 / F: 907.276.3108
James N. Leik | JLeik@PerkinsCoie.com

      f.   Granting such other and further relief as this Court deems just and proper, including awarding Afognak its attorneys' fees and costs incurred in connection with this action under applicable Alaska law.

## JURY DEMAND

Afognak hereby demands a trial by jury.

DATED: January 19, 2017.

**PERKINS COIE LLP**
Attorneys for Plaintiff

s/ James N. Leik
James N. Leik

Jeff J. Bowen
(motion for admission pro hac vice filed separately)

**PERKINS COIE LLP**
1029 W Third Ave., Suite 300
Anchorage, Alaska 99501-1981
P: 907.279.8561 / F: 907.276.3108
James N. Leik | JLeik@PerkinsCoie.com

Afognak Native Corporation v. National Union Fire Insurance Company
3:17-cv-    Page **15** of **15**
43014-0027/LEGAL134167995.2

Case 3:17-cv-00012-JWS   Document 1   Filed 01/19/17   Page 15 of 15